```
                                              USDC SDNY
                                              DOCUMENT
                                              ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                  DOC #:
SOUTHERN DISTRICT OF NEW YORK                 DATE FILED: 12/3/07
-----------------------------------X
                                   x
In re GRAND THEFT AUTO VIDEO GAME  x    06 Md. 1739 (SWK)(MHD)
CONSUMER LITIGATION (No. II)       x
                                   x
-----------------------------------X    HEARING ORDER
This Document Relates to:          x
                 All Actions       x
-----------------------------------X
```

**SHIRLEY WOHL KRAM, U.S.D.J.**

Upon the motion of plaintiffs, Brenda Stanhouse, Rose
Goldfine, Robert Samario, Susan Carlson, Florence Cohen, Cindy
Casey, and John Robinson ("Plaintiffs") in the above-captioned
class action lawsuit (the "Action"), and the defendants, Take-
Two Interactive Software, Inc. and its wholly-owned subsidiary
Rockstar Games, Inc. ("Defendants") (collectively, the
"Parties"); the Settlement Agreement, dated November 7, 2007,
and exhibits thereto (the "Settlement Agreement"); and upon all
prior proceedings conducted in this Action, the Court hereby
preliminarily and conditionally approves the proposed settlement
set forth in the Settlement Agreement (the "Settlement") and
sets a hearing, upon notice, and pursuant to Federal Rules of
Civil Procedure 23(c) and (e), to determine, inter alia: (a)
whether the Settlement is fair, reasonable, and adequate, and
whether it should be approved pursuant to Rule 23; and (b)
whether the application of Plaintiffs' counsel for an award of
attorney's fees and reimbursement of expenses should be granted.

Accordingly, **IT IS HEREBY ORDERED** that:

1.     The    Court,    for    settlement    purposes    only,    hereby
conditionally  certifies,  pursuant  to  Federal  Rules  of  Civil
Procedure  23(a)  and  23(b)(3),  a  class  consisting  of  Plaintiffs
and  all  natural  persons  or  entities  in  the  United  States  who
purchased  a  Grand  Theft  Auto:  San  Andreas  First  Edition  Disc
between  August  2004  and  the  date  of  this  Order,  except  for
authorized  resellers  of  the  game,  Defendants'  current  or  former
employees,  and  any  persons  or  entities  that  have  previously
executed    releases    discharging    Defendants    from    liability
concerning  or  encompassing  any  or  all  claims  that  are  the
subject of the Complaint.[1]

2.     The  Court  finds  that:  (a)  the  number  of  Settlement
Class  Members  is  so  numerous  that  joinder  of  all  members  thereof
is  impracticable;  (b)  there  are  questions  of  law  and  fact  common
to   the   Settlement   Class;   (c)   the   claims   of   the   named
representatives  are  typical  of  the  claims  of  the  Settlement
Class  they  seek  to  represent;  (d)  the  Plaintiffs  and  counsel  for
Plaintiffs  will  fairly  and  adequately  represent  the  interests  of
the  Settlement  Class;  (e)  the  questions  of  law  and  fact  common
to  the  Settlement  Class  predominate  over  any  questions  affecting
only  individual  members  of  the  Settlement  Class;  and  (f)  a  class

---

[1] All  capitalized  terms  in  this  Order  shall  have  the  same  meaning
as defined in the Settlement Agreement, dated November 7, 2007.

action is superior to other available methods for the fair and efficient adjudication of the controversy.

3.      Plaintiffs Brenda Stanhouse, Rose Goldfine, Robert Samario, Susan Carlson, Florence Cohen, Cindy Casey, and John Robinson are appointed representatives of the Settlement Class.

4.      Seth R. Lesser of the Locks Law Firm, PLLC, appointed Lead Counsel in this proceeding pursuant to Case Management Order No. 2, is appointed as "Lead Class Counsel" for the Settlement Class. Locks Law Firm, PLLC; Bromberg Law Offices, P.C.; Burstein Law Firm, P.C.; Glancy Binkow & Goldberg, LLP; Harke & Clasby LLP; Nestor & Constance; Reinhardt Wendorf & Blanchfield; and Williams Cuker & Berezofsky are appointed as "Class Counsel" for the Settlement Class.

5.      In accord with the separate order of appointment accompanying this Hearing Order, the Court appoints Konstantinos D. Katsiris, Esq., of Grais & Ellsworth LLP, as a Special Master in this matter. As Special Master, Mr. Katsiris will (a) oversee the work of the vendor, Rust Consulting, Inc. or "Rust," which the parties have engaged to provide notice to the Settlement Class and to fulfill claims for benefits from the Settlement Class; and (b) review, and make recommendations to the Court concerning, any motion by Class Counsel for an award of fees and/or costs. The Special Master's duties, as well as his powers and competences, are set forth in greater detail in the separate

3

order of appointment, which accompanies this Order. The reasonable fees charged by the Special Master for his work shall be paid by Defendants, and such payments shall be considered part of the costs of the Benefit Program, as that term is defined in Section III.C.1 of the Settlement Agreement.

6.    The Court finds that the Settlement as set forth in the Settlement Agreement falls within the range of possible approval and warrants the provision of notice of such Settlement to the members of the Settlement Class. Accordingly, the Court, pursuant to Federal Rules of Civil Procedure 23(c) and 23(e), preliminarily approves the Settlement, upon the terms and conditions set forth in the Settlement Agreement.

7.    The Court sets a hearing to take place on June 25, 2008, at 10:30 a.m., at the Daniel Patrick Moynihan United States Courthouse for the Southern District of New York, 500 Pearl Street, Courtroom 15A, New York, New York, to hear all interested parties on whether: (a) the requirements for final certification of the Settlement Class have been met; (b) the proposed settlement of the Action in accordance with the terms set forth in the Settlement Agreement should be approved as fair, reasonable and adequate; and (c) the Judgment approving the settlement and dismissing the Action on the merits and with prejudice against Plaintiffs and Settlement Class Members should be entered (the "Fairness Hearing"). The Court may adjourn the

4

Fairness Hearing without further notice to the members of the Settlement Class (except those Settlement Class Members who file timely and valid objections).

8. The Court approves the form of the Notice of Pendency and Settlement of Class Action (the "Full Settlement Notice"), substantially in the likeness of Exhibit C to the Settlement Agreement, which contains instructions for Settlement Class Members to obtain the settlement benefits referenced in the Settlement Agreement. The Court also approves the summary form of that Settlement Notice, substantially in the likeness of Exhibit D to the Settlement Agreement.

9. Non-substantive changes may be made to the Full Settlement Notice and Summary Settlement Notice by agreement of the Parties, without further order of this Court.

10. The Court directs that the Settlement Class be given notice of the proposed Settlement as follows:

a. Defendants shall cause the Full Settlement Notice to be sent by electronic mail, on or before the first date on which Publication Notice occurs, as described in paragraph 10.c. below, to Settlement Class members on Rockstar Games, Inc.'s e-mail mailing list. The Parties agree that compliance with this paragraph of the Hearing Order constitutes sufficient compliance with paragraph V.B.1. of the Settlement Agreement.

5

b.    Within five business days after the date of this Order, Defendants shall post a link to the Full Settlement Notice on the www.take2games.com website and the Settlement website.  The Full Settlement Notice will remain posted on these websites until the Claims Deadline or until this Settlement Agreement is terminated by its terms.

c.    Defendants   shall   cause   the   Summary Settlement Notice to be published, on or before February 29, 2008, in the publications, websites, and newswire, and in the frequency and sizes set forth in the spreadsheet, attached as an appendix to this Order.

d.    Plaintiffs' Class Counsel may continuously post the Summary Settlement Notice and the Full Settlement Notice on their firm websites, beginning two business days after the date of this Order and ending on the date of the Claims Deadline or the date of the Fairness Hearing, whichever is later.   Any costs associated with this notice item shall be borne by Plaintiffs' Class Counsel and will not be reimbursed by Defendants.

11.  The Court directs that Defendants and Class Counsel, as applicable, shall promptly respond to all requests for copies of the Full Settlement Notice by sending the documents via U.S. mail or electronic mail to any Settlement Class Members who shall make such requests.

12. The Court finds that such notice to the members of the Settlement Class as described above: (a) is the best notice practicable to members of the Settlement Class; (b) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, conditional certification of the Settlement Class, the proposed Settlement, the rights of Settlement Class Members to object to the Settlement and to request exclusion from the Settlement Class, and the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses; (c) is reasonable and constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice; and (d) meets all applicable requirements of law including, but not limited to, Federal Rule of Civil Procedure 23(c) and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

13. The Court directs Class Counsel and Defendant's counsel to file with the Court on or before March 15, 2008, evidence that the provisions of paragraphs 9 and 10 of this Order have been satisfied.

14. Pursuant to the Settlement Agreement, if, for any reason, the notice to Settlement Class Members specified above is not or cannot be provided before February 29, 2008, the Parties will confer in good faith and recommend to the Court

7

that the date by which any Settlement Class Member must seek to receive one or more of the Settlement Benefits (specified below in paragraph 16) be extended accordingly.

15. The Court directs that any person or entity who is a member of the Settlement Class and who wishes to exclude himself, herself, itself, or themselves from the Settlement Class shall, in writing, by letter postmarked on or before April 25, 2008, submit to Rust a signed request for exclusion that sets forth: (a) such person's or entity's name and address, or the name and address of the person or entity for which he, she, or it is acting; and (b) a clear and unambiguous statement that such person or entity wishes to be excluded from the Settlement Class. Any person or entity who fails to timely and/or properly seek exclusion from the Settlement Class as provided herein, shall be deemed a member of the Settlement Class for all purposes and shall be henceforth bound by all orders and/or judgments of this Court;

16. Any person or entity who does not timely and/or properly seek exclusion from the Settlement Class may, solely at the expense of such person or entity, be heard personally or through counsel retained by such person or entity solely at the cost of such person or entity, on: (a) whether the Settlement is fair, reasonable, and adequate to Settlement Class members and whether the proposed Settlement should or should not be approved

8

by the Court; and/or (b) whether the application of Class Counsel for an award of attorney's fees and/or reimbursement of expenses should or should not be granted. Such person or entity shall be heard only if, on or before April 25, 2008, he, she, or it: (i) has filed with the Clerk of the Court a notice of intention to appear personally, or if such person or entity intends to appear by counsel, such counsel has filed a Notice of Appearance, accompanied in either case by a written statement that describes in full the basis for any opposition of such person or entity to any or all of the applications before the Court at the Fairness Hearing, and attaching all supporting documentation and a list of any and all witnesses or experts, if any, whom such person or entity shall present to this Court; and (ii) has served copies of such notice(s), statement(s), documentation and list(s), together with any other papers or brief(s) that such person or entity files with the Court or wishes the Court to consider, upon the following counsel of record in the Action: Seth R. Lesser, Esq., Lead Class Counsel, Locks Law Firm, PLLC, 110 East 55th Street, New York, New York 10022; Jeffrey S. Jacobson, Esq., Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022, counsel for Defendants. Class Counsel shall furnish copies of any such objections to the Special Master.

9

17. The Court directs that the deadline for Settlement Class Members to complete the claim process shall be May 16, 2008, unless such deadline is extended by further Order of this Court. Any member of the Settlement Class who fails to submit a valid and properly completed Proof of Claim, dated or postmarked on or before May 16, 2008, unless such deadline date is extended, shall be barred from any recovery from that portion of the Settlement for which the submission of a valid Proof of Claim form is required.

18. Rust shall provide the Parties with a copy of all valid and timely requests for exclusion within five business days of Rust's receipt thereof. A list reflecting the names of all persons, representatives, or entities who submitted requests for exclusion shall be filed with the Court by Class Counsel at least twenty (20) days before the Fairness Hearing.

19. The Parties shall, by May 23, 2008, file and serve all papers in support of the application for final approval of the Settlement, including the provision for payment of attorney's fees and reimbursement of expenses.

20. The Parties shall, by May 23, 2008, file and serve all papers in response to any valid and timely objections received by the designated counsel for the Parties identified in the Full Settlement Notice.

21. If the Settlement Benefits available to Settlement Class Members change, no new notice need issue to Settlement Class Members.

22. As provided in Section VI of the Settlement Agreement, Defendants shall pay all costs associated with providing notice to Settlement Class Members as directed herein, including, but not limited to, publication of the Full Settlement Notice and Summary Settlement Notice; postage and handling charges for providing copies of the Full Settlement Notice to potential members of the Settlement Class (as applicable), and for e-mail transmission of the Full Settlement Notice (as applicable); for publication as provided herein of the Summary Notice; and for any necessary costs of administration of the Settlement that are incurred prior to the Effective Date of the Settlement (as defined in paragraph II.B. of the Settlement Agreement). In the event that this Settlement Agreement does not become final or the Effective Date does not occur for any reason, Plaintiffs shall have no obligation to reimburse Defendants for any costs or expenses paid, incurred, or obligated for notice of this Settlement to the Settlement Class.

23. Plaintiffs and all members of the Settlement Class and any other person, representative, or entity acting on behalf of any members of the Settlement Class are, until the Fairness Hearing, barred and enjoined from filing, commencing,

11

prosecuting, maintaining, intervening in, participating in (as members of a class action or otherwise), any claim, lawsuit, arbitration, administrative, regulatory, or other proceeding arising out of the Released Claims against any of the Released Parties. The Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's jurisdiction over the action and to protect and effectuate the Court's review of the Settlement.

24. If for any reason, the Effective Date of the Settlement does not occur, this Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions as of November 6, 2007, except that any extensions of time granted since that date by one Party to the other shall continue to have force and effect, and neither Party shall seek an order of default against any other Party for actions not taken while approval of the Settlement was pending, and the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders issued in connection therewith, including this Order, shall be used or referred to in any litigation for any purpose whatsoever, except as required to enforce those provisions of the Settlement Agreement that survive a failure of the Settlement to be consummated or the

12

Effective Date of the Settlement to occur, including, without limitation, paragraphs X.B., X.C., and X.I. of the Settlement Agreement.

25. Nothing in this Order shall be construed or used as an admission, concession, or declaration by or against Defendants for any fault, wrongdoing, breach, or liability. Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the members of the Settlement Class that their claims lack merit or that the relief requested in the Complaint in this Action is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have. Nor shall this Order be construed as a finding or conclusion of the Court with respect to the merit or lack of merit of any claim asserted in the Action or the defense to any Claim asserted in this Action.

26. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

SO ORDERED.

SHIRLEY WOHL KRAM
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         December 4, 2007

13

# Appendix

## PUBLICATIONS/WEBSITES WHERE NOTICE WILL APPEAR

### *Consumer Publications*

| Name | Circulation | Frequency | Size |
|------|-------------|-----------|------|
| *Parade* | 32,000,000 | Weekly | 2/5 pg.[1] |
| *USA Weekend* | 23,442,692 | Weekly | 2/5 pg.[2] |
| *People* (2 insertions) | 3,750.548 | Weekly | ½ pg. |
| *Maxim* | 2,501,175 | Monthly | ½ pg. |
| | 61,694,415 | | |

### *Computer Gaming Publications*

| Name | Circulation | Frequency | Size |
|------|-------------|-----------|------|
| *Electronic Gaming Monthly* | 554,600 | Monthly | ½ pg. |
| *Games for Windows* | 205,156 | Monthly | ½ pg. |
| *Game Informer* | 2,286,270 | Monthly | ½ pg. |
| *GamePro* | 3,499,000 | Monthly | ½ pg. |
| *Official Xbox Magazine* | 425,243 | 13x/year | ½ pg. |
| *PC Gamer* | 225,688 | 13x/year | ½ pg. |
| *PSM: PlayStation Mag.* | 300,453 | 13x/year | ½ pg. |
| | 7,496,410 | | |

### *Websites*

| Name | URL | Est. Impressions |
|------|-----|------------------|
| GameSpot.com | www.gamefaq.com | 800,000 |
| GameFAQ.com | www.gamestats.com | 628,500 |
| GorillaNation | various | 1,619,047 |
| | | 3,047,547 |

### *Spanish-Language Newspapers*

| Name | Circulation | Frequency | Size |
|------|-------------|-----------|------|
| *Hoy (Chicago)* | 47,801 | 4x/week | 1/6 pg. |
| *Hoy (Los Angeles)* | 79,013 | 4x/week | 1/6 pg. |
| *Hoy (New York)* | 63,620 | 4x/week | 1/6 pg. |
| *La Opinion (Los Angeles)* | 123,447 | 6x/week | 1/6 pg. |
| *El Nuevo Herald (Miami)* | 86,956 | 6x/week | 1/6 pg. |
| | 400,837 | | |

---

[1]   May be reduced to 3/10 of a page depending on the number of words in the notice.

[2]   May be reduced to ¼ page depending on the number of words in the notice.